IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TANGENIQUE T. KING, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:14-CV-2905-D |
| VS. | § |
| | § |
| KROGER TEXAS L.P., | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Tangenique T. King ("King") alleges that defendant Kroger Texas L.P. ("Kroger") is liable on a negligence claim for injuries that she suffered when she slipped and fell when entering a Kroger store on a snowy day. Kroger moves for summary judgment, contending that King is limited to a premises liability claim and that the summary judgment evidence conclusively establishes that it adequately warned her of the alleged hazard, thereby discharging any duties that it owed her. Although Kroger's motion presents a close question, the court denies the motion.[1]

At the outset, the court concludes that King must recover against Kroger, if at all, based on a premises liability claim, not a negligence claim. King appears to recognize this. In response to Kroger's summary judgment motion, she neither asserts that she can recover

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

for negligence nor disputes that she is confined to a premises liability claim.  Instead, she treats her claim as if it were a premises liability claim and contends that there is a genuine issue of material fact whether Kroger provided an adequate warning regarding the dangerous condition (i.e., an issue that is pertinent to a premises liability claim).

Although King does not plead a "premises liability" claim as such, she does assert as a ground for her negligence action that Kroger had a duty to "give an adequate warning of any dangers," Pet. ¶ 9, and that Kroger is liable for "[f]ailing to place signs warning invitees," *id.* at ¶ 10(3).  Kroger does not argue that it is entitled to summary judgment merely because King has pleaded a negligence claim rather than a premises liability claim. Instead, it maintains that King "is limited to a premises liability claim, " D. Mot. 2, and that the "summary judgment evidence conclusively establishes that it adequately warned of the alleged hazard by placing a wet-floor sign in the immediate vicinity that gave reasonable notice thereof," *id.*; *see also* D. Reply Br. 3 (requesting that the court "limit [King] to the prima facie elements of a premises liability claim"); and 4 (asserting that "[King] is limited to a premises liability claim.").  The court will therefore address whether Kroger is entitled to summary judgment based on King's alleged inability to prove premises liability.

For purposes of deciding Kroger's motion, several basic facts are essentially undisputed.[2]  On December 6, 2013, at approximately 8:13 a.m. (as per the surveillance

---

[2]There are disputed facts in the summary judgment record that may be pertinent to matters raised at trial, such as whether there was any condition at all on the store floor, or whether King herself tracked in the snow on which she slipped and fell. But these fact issues are immaterial to the ground on which Kroger is moving for summary judgment.

video), King entered a Kroger store located in Irving, Texas.  There had been a snowstorm that was severe enough to cause the cancellation of school and to prompt King and her fiancé to use caution when driving to the store.

At the front entrance of the Irving Kroger store are doors that open to a breezeway.  Customers walk through the breezeway to enter the store.  The breezeway is like a little room, is carpeted, and serves not only as an entry to the main store floor, but as a place to store grocery carts and other items, such as display stands.  At the opposite end of the breezeway are automatic double doors that open to the main store floor.  The flooring for the main store is linoleum tile.

On December 6, due to the snowy weather, Kroger placed a carpeted mat over the tile flooring situated where the automatic double doors open from the breezeway to the main store floor.  Kroger also placed a yellow cone at the automatic double doors (the surveillance video appears to show the cone situated on the left side of the double doors from the perspective of a customer entering the store).  The surveillance video shows that, as King entered onto the main store floor from the breezeway, she stepped from the carpeted mat onto the linoleum tile flooring using her left foot, immediately slipping and falling with the first step she took.

Under Texas law,

> Premises owners and occupiers owe a duty to keep their premises safe for invitees against known conditions that pose unreasonable risks of harm.  This duty is discharged by warning the invitee of unreasonable risks of harm either known to the owner or which would be known to him by reasonable

>     inspection or by making the premises reasonably safe. Whether
>     a warning is adequate turns on what is reasonably prudent under
>     the circumstances.
>         If the evidence conclusively established that the owner
>     adequately warned the plaintiff of the condition, the owner
>     cannot be found negligent as a matter of law.

*Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 518 (Tex. App. 2014, no pet.) (citations and internal quotation marks omitted).

As indicated, this is a close case. On the one hand, King appeared to testify at her deposition that, one of the reasons she knew she had stood in the breezeway and made sure she did not have anything (e.g., snow) on her shoes before walking onto the main store floor was that she had just seen the yellow warning cone, and she "would assume that [the cone] would be there, because of the conditions outside." D. App. 24. King also responded "Yes" when she was asked whether she claimed that she "actually saw [the sign] and reacted to it." *Id.* And she answered "Yes" when asked whether she had seen the yellow warning cone, whether this had alerted her to a potential danger of slip and fall, whether she not only had seen the warning but had heeded it, and whether she had responded to it. This testimony, in combination with other evidence in the summary judgment record, would certainly enable a reasonable jury to find that Kroger adequately warned King of the condition by acting in a reasonably prudent manner under the circumstances.

On the other hand, the question for the court to decide is whether Kroger is entitled to prevail on summary judgment, without a trial. As explained in *Golden Corral* (a case on which both sides rely), to be entitled to judgment as a matter of law, the evidence must

"conclusively establish[]" that the owner adequately warned the plaintiff of the condition. *Golden Corral*, 443 S.W.3d at 518.  It is this degree of certainty—of conclusiveness—that transforms the issue from a question of fact for the jury (whether the warning was reasonably prudent under the circumstances) into a question of law to be resolved by the court as a matter of law on summary judgment.

But the court cannot say that the evidence establishes *conclusively* that Kroger adequately warned King of the condition.  First, as King points out, there are questions about whether the cone adequately warned invitees "of the condition."  Given the placement of the cone in the breezeway itself, rather than at the point where the breezeway and temporary mat ended and the linoleum tile began, it is reasonable that an invitee might not have understood where the condition was situated, that is, that the dangerous condition was located on the tile floor ahead rather than in the breezeway.  The surveillance video also appears to show that the cone was situated on the left side of the double doors, adjacent to, but closer to the ground than, various other items of property, such as a rack.  Second, although Kroger refers to the yellow cone as a "warning cone," *e.g.*, D. Br. 2, or a "caution cone," *e.g., id.* at 1, the summary judgment record does not establish that it was more than a yellow cone.[3]  In *Golden Corral*, by contrast, there was a "yellow sign with a warning on each of its four sides, and approximately three feet tall, [that] had been placed on the tile floor in front of the food station where [the plaintiff] fell."  *Golden Corral*, 443 S.W.3d at 517.  The sign "contained

---

[3]The court has studied each still photograph and the surveillance video and has been unable to determine (even if it were the trier of fact) that the cone had any markings on it.

these words in large print on each side: CAUTION CUIDADO WET FLOOR PISO MOJADO[.]" *Id.* The court cannot say in this case that a yellow, unmarked cone situated in the breezeway on one side of the automatic double doors "*conclusively* establishe[s] that [Kroger adequately] warned [King] of the condition." *Id.* at 518 (emphasis added).

\* \* \*

Accordingly, recognizing that Kroger's motion for summary judgment presents a close question, the court denies the motion.

**SO ORDERED**.

April 22, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE